UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lewis Duckett, # 295395, | ) |
| | ) |
| | ) C/A No. 6:13-3205-JMC-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Marcia Fuller, *SCDC Dietician*; | ) |
| Mrs. Ball, *First Name Unknown, Kershaw Cafeteria* | ) **Report and Recommendation** |
| *Supervisor*; | ) **for** |
| Michael L. Fair, *Legislative Audit Counsel*; | ) **Partial Summary Dismissal** |
| SC District # 6, *Greenville County, State Senate*; | ) |
| Boyd H. Parr, *Director of Poultry Products and* | ) |
| *Inspection, in their individual or personal capacities*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

### *Background of this Case*

This is a civil rights action filed by a state prisoner. This separate civil action has been assigned pursuant to the Order (ECF No. 13) entered on November 22, 2013, by the Honorable J. Michelle Childs, United States District Judge, in *Bruce A. Roddey, et al. v. Marcia Fuller, et al.*, Civil Action No. 6:13-884-JMC-KFM.

Plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Marcia Fuller is a dietician for the SCDC. Mrs. Ball is the Kitchen Supervisor at the Kershaw Correctional Institution. Defendant Mike Fair is a state Senator for South Carolina Senate District 6 in Greenville County. Defendant Parr is the State Veterinarian and is Director of "Livestock Poultry Health

Extension" for Clemson University's Extension Facility in Columbia, South Carolina (http://www.clemson.edu/public/lph/bios/parr.html, last visited on March 18, 2014).

In an order (ECF No. 8) filed in this case on December 2, 2013, the undersigned directed Plaintiff to submit the items needed to render this case into "proper form" within twenty-one (21) days, and that if he failed to do so, this case would be dismissed *without prejudice*. Specifically, the undersigned directed Plaintiff to submit a motion for leave to proceed *in forma pauperis* (Form AO 240), a Financial Certificate, Answers to Special Interrogatories, summonses, and Forms USM-285.

Plaintiff did not timely respond to the order of December 2, 2013. After the expiration of the period set forth in the order of December 2, 2013, the Clerk's Office forwarded the case to the assigned United States District Judge. On January 2, 2014, the Honorable J. Michelle Childs, United States District Judge, dismissed the case *without prejudice* (ECF No. 12).

On January 4, 2014, the Clerk's Office received Plaintiff's motion for leave to proceed *in forma pauperis* with Financial Certificate (ECF No. 16), a summons with Forms USM-285 (ECF No. 17), and Plaintiff's Answers to Court's Special Interrogatories (ECF No. 18). Plaintiff on January 21, 2014, filed a motion for reconsideration (ECF No. 20), which Judge Childs granted on March 17, 2014 (ECF No. 22).

In the Complaint, Plaintiff alleges that the SCDC has been providing inadequate amounts of food to him and to other inmates at the Kershaw Correctional Institution. The Complaint was, apparently, prepared by Bernard McFadden, who is another inmate and a "jailhouse lawyer" at the Kershaw Correctional Institution. Plaintiff alleges: (1) Defendants Fuller and Ball are knowingly and willfully violating Plaintiff's rights

2

under the Eighth Amendment by not providing vitamins and nutrients and by allowing service of insufficient portions of food and drinks (ECF No. 1 at 3); (2) this lack of nutrition causes loss of vision, loss of energy, nerve damages, muscular weakness, burning and itching of eyes, cracking or sores on the lips, indigestion, diarrhea, depression, nausea, fatigue, skin eruptions, weakened immune system, extreme hunger pains, headaches, constipation, bleeding gums, coldness, "weight gain, weight loss," soft or bleeding gums, decaying teeth, and loss of hair (*Id.*); (3) these conditions are caused by lack of Vitamins A, "B's," C, D, and K, and cause "imminent danger" (*Id.*); (4) Defendant Parr has been forwarded (sent) letters from Bernard McFadden regarding the SCDC's use of offal and poultry products in beef dishes, but Defendant Parr did not provide reasonable assistance (*Id.*); (5) Bernard McFadden has sent to Senator Mike Fair letters detailing the SCDC's "falsely publishing beef dishes (meat)" in its menus and the SCDC's failure to provide adequate nutrition (*Id.* at 4); (6) Defendant Fair has not examined SCDC financial records to determine whether there has been a misappropriation of funds (*Id.* at 5); and (7) Defendant Parr has not provided an inspection of the product in Attachment A (*Id.*). Attachment A (ECF No. 2) is a bilingual label from Pro View Foods for mechanically separated chicken.

In his prayer for relief, Plaintiff seeks an "unspecified amount" of monetary damages for pain and suffering and mental and emotional distress (*Id.* at 6). Plaintiff also seeks "irreparable" damages, exemplary or punitive damages, future damages, compensatory damages, nominal damages, and an order for declaratory and injunctive relief (*Id.*).

In his Answers to Special Interrogatories, Plaintiff indicates: (1) there is a grievance procedure at the Kershaw Correctional Institution (ECF No. 18 at 1); (2) Plaintiff filed a grievance on May 7, 2012, but has not received a final answer (*Id*. at 2); (3) Plaintiff suffers from bleeding gums, weight loss, high cholesterol, teeth damage, heartburn, and "defecate once week" (*Id*.); (4) Plaintiff takes "Rareitidine" and "Pravastatine" and has blood in his stool and "excessive flatus" (*Id*. at 3); (5) Plaintiff did not write Defendant Fair or Defendant Parr (*Id*.); and (6) Plaintiff still wishes to proceed with this case, even though three hundred fifty dollars ($350) will be collected from his inmate account (*Id*. at 3–4).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to **partial** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

It is well settled that inmates must be provided nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the

4

health and well-being of the inmates who consume it. *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985). Allegations of inadequate food for human nutritional needs are sufficient to state a cognizable constitutional claim. *See, e.g., Wilson v. Johnson,* 385 F. App'x 319, 320 (4th Cir. 2010) ("Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim[.]"). Hence, in a separately filed order, service of process is being authorized upon Defendants Fuller and Ball.

Defendant Mike Fair is a state Senator. The Court may take judicial notice that the Legislative Audit Council, of which Defendant Fair is an *ex-officio* member of the board by virtue of his chairmanship of the Senate Finance Committee, is authorized only to perform performance audits, not financial audits, of state agencies and their programs. *See* S.C. Code Ann. § 2-15-10, *et seq*. (Westlaw 2014). Here, Plaintiff's allegations of Defendant Fair's actions or inactions, in responding to Bernard McFadden's requests to examine SCDC's financial records, plainly involve Defendant Fair's legislative activities. Thus, Plaintiff's claims for damages, declaratory, and injunctive relief against Defendant Fair are barred by Defendant Fair's absolute legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities").

SC District # 6 has been docketed as a separate defendant. "SC District # 6" is a geographical area in Greenville County (www.http://ors.sc.gov/digital/senatemaps.html, last visited on March 18, 2014). Non-persons cannot be sued under 42 U.S.C. § 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting

cases). Hence, SC District # 6 should be dismissed from this case because it is not a "person."

Defendant Parr is the Director of Clemson University's "Livestock Poultry Health Extension," which includes the South Carolina Meat and Poultry Inspection Department (http://www.clemson.edu/public/lph/scmpid/, last visited on March 18, 2014). Defendant Parr and the S.C. Meat and Poultry Inspection Department have no legal responsibility, under South Carolina meat and poultry inspection laws, for regulating the content of meals provided to inmates by the SCDC. *See* S.C. Code Ann. § 47-4-10, *et seq.*; § 47-17-10, *et seq.*; § 47-19-10, *et seq.*; and § 47-22-10, *et seq.* (Westlaw 2014). Defendant Parr's agency oversees only the inspection and labeling of poultry products by manufacturers, renderers, and brokers. Defendant Parr has no legal authority to monitor or control the preparation and serving of food at the Kershaw Correctional Institution and should be dismissed from this case. *See Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007).

## RECOMMENDATION

It is recommended that the district court summarily dismiss Michael L. Fair, SC District # 6, and Boyd H. Parr *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.


March 19, 2014                                          s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).