IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lewis Duckett, # 295395, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Marcia Fuller; Mrs. Ball; ) <br> Michael L  Fair; SC District 6; ) <br> and Boyd H. Parr, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:13-3205-JMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement by defendants Marcia Fuller and Mrs. Ball (doc. 37).  The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

This is a civil rights action by a state prisoner assigned pursuant to an order entered on November 22, 2013, by the Honorable J. Michelle Childs, United States District Judge, in *Bruce A. Roddey, et al. v Marcia Fuller, et al.,* Civil Action No. 6:13-884-JMC-KFM ("the Roddey case"), which was a multiple-plaintiff case.  The order severed the multi-plaintiff case into individual prisoner civil rights cases.  The  above-captioned case was assigned to address the claims raised by Lewis Duckett.

On January 2, 2014, the district court dismissed the instant case for lack of prosecution (doc. 12).  The plaintiff filed a motion for reconsideration on January 21, 2014,

which was granted the same day. On March 19, 2014, the undersigned filed a report and recommendation (doc. 28) for partial summary dismissal, wherein the undersigned recommended that three of the defendants, Mike Fair (a state senator), SC District #6, and Boyd Parr, Director of Clemson University's Livestock Poultry Health Extension, be summarily dismissed from the case. That report is currently pending before Judge Childs.

Defendants Ball and Fuller filed their motion to dismiss on April 21, 2014. By order filed April 22, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on June 2, 2014. Defendants Ball and Fuller filed a reply on June 12, 2014.

## BACKGROUND

The plaintiff is an inmate at the Kershaw Correctional Institution ("Kershaw") of the South Carolina Department of Corrections ("SCDC"). In the complaint, the plaintiff alleges that the SCDC has been providing inadequate amounts of food to him and to other inmates at Kershaw. The complaint was prepared by Bernard McFadden, another inmate at Kershaw. The plaintiff alleges: (1) defendants Fuller and Ball are knowingly and willfully violating the plaintiff's rights under the Eighth Amendment by not providing vitamins and nutrients and by allowing service of insufficient portions of food and drinks (doc. 2 at 3); (2) this lack of nutrition causes loss of vision, loss of energy, nerve damage, muscular weakness, burning and itching of eyes, cracking or sores on the lips, indigestion, diarrhea, depression, nausea, fatigue, skin eruptions, weakened immune system, extreme hunger pains, headaches, constipation, bleeding gums, coldness, "weight gain, weight loss," soft or bleeding gums, decaying teeth, and loss of hair (*id*.); (3) these conditions are caused by lack of Vitamins A, "B's," C, D, and K, and cause "imminent danger" (*id*.); (4) defendant Parr has been forwarded (sent) letters from Bernard McFadden regarding the SCDC's use of offal and poultry products in beef dishes, but defendant Parr did not provide reasonable

assistance (*id*.); (5) Bernard McFadden has sent to Senator Mike Fair letters detailing the SCDC's "falsely publishing beef dishes (meat)" in its menus and the SCDC's failure to provide adequate nutrition (*id*. at 4); (6) defendant Fair has not examined SCDC financial records to determine whether there has been a misappropriation of funds (*id*. at 5); and (7) defendant Parr has not provided an inspection of the product in Attachment A (*id*.). Attachment A (*id.* at 7) is a bilingual label from Pro View Foods for mechanically separated chicken.

In his prayer for relief, the plaintiff seeks an "unspecified amount" of monetary damages for pain and suffering and mental and emotional distress (*id*. at 6). The plaintiff also seeks "irreparable" damages, exemplary or punitive damages, future damages, compensatory damages, nominal damages, and an order for declaratory and injunctive relief (*id*.).

In his answers to special interrogatories, the plaintiff indicates: (1) there is a grievance procedure at Kershaw (doc. 18 at 1); (2) he filed a grievance on May 7, 2012, but has not received a final answer (*id*. at 2); (3) he suffers from bleeding gums, weight loss, high cholesterol, teeth damage, heartburn, and "defecate once week" (*id*.); (4) he takes "Rareitidine" and "Pravastatine" and has blood in his stool and "excessive flatus" (*id*. at 3); (5) he did not write defendant Fair or defendant Parr (*id*.); and (6) he still wishes to proceed with this case, even though a filing fee of $350 will be collected from his inmate account (*id*. at 3–4).

In their motion to dismiss, defendants Fuller and Ball contend that the subject matter of this action has already been litigated by Plaintiff's privies with a full and final decision on the merits by this court in civil action number 3:10-cv-03104-JMC (the McFadden case), and therefore the plaintiff has failed to state a claim upon which relief may be granted and is estopped from relitigating the issues raised in this case. They further contend that the complaint fails to contain any dates or timeframes related to the allegations

against them, and that these omissions prevent them from (1) evaluating whether this action was filed with the applicable statute of limitations, (2) determining whether either of these two defendants is a properly identified party in this action, or (3) preparing a response to the Complaint, as its allegations are too vague or ambiguous. They seek dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and under the doctrines of res judicata and collateral estoppel, or in the alternative, request that the plaintiff be required to provide a more definite statement of the allegations contained in the complaint. They seek attorney's fees, court costs, and such other further relief deemed just and proper by this court.

## APPLICABLE LAW AND ANALYSIS

Defendants Fuller and Ball contend that the plaintiff is a privy of Bernard McFadden and that this court's decision in *Bernard McFadden v. Mrs. Butler, et al.*, Civil Action No. 3:10-3104-JMC-JRM ("the McFadden case"), is res judicata with respect to the above-captioned case. In the McFadden case, inmates Bernard McFadden and Ronald A. Cousar, then inmates at the Kirkland Correctional Institution ("Kirkland") in Columbia, filed a complaint on December 6, 2010, alleging that the defendants were knowingly and willfully violating their Eighth Amendment rights by serving "extremely small portions and/or no portions at all, causing extreme hunger pains," headaches, constipation, bleeding gums, coldness, weight loss, soft gums, and tooth decay resulting from lack of various vitamins (Civil Action No. 3:10-3401-JMC-JRM, doc. 1 at 3).

At the time Bernard McFadden and Ronald A. Cousar delivered the complaint in the McFadden case to prison officials at Kirkland for mailing on December 2, 2010 (*id.*, doc. 1-1 at 1), the plaintiff herein was an inmate at Kershaw, which is located in Lancaster County. *See* SCDC public inmate database (http://public.doc.state.sc.us/scdc-public/inmateDetails, last visited on Sept. 16, 2014) (indicating the plaintiff has been at Kershaw since May 19, 2010, except for three one-day

transfers to Kirkland for medical treatment on December 21, 2010, June 15, 2011, and November 27, 2012). Bernard McFadden was transferred to Kershaw from Kirkland in the spring of 2011 (*see* Civil Action No. 3:10-3401-JMC-JRM, doc. 30 at 1).

In an order filed in the McFadden case on December 30, 2010, Judge Childs directed that Ronald A. Cousar be terminated as a plaintiff and that a separate civil action number be assigned for him. Hence, the McFadden case proceeded with Bernard McFadden as the sole plaintiff. On March 13, 2012, Judge Childs granted the defendants' motion for summary judgment (*id.*, doc. 70). Thus, the McFadden case was closed over a year before Bernard McFadden delivered the original complaint in the Roddey case to prison officials for mailing on or about April 1, 2013 (Civil Action No. 6:13-884-JMC, doc. 1-2 at 1).[1] The original complaint in the Roddey case, by virtue of Judge Childs' order of November 22, 2013, severing the multi-plaintiff case into individual prisoner civil rights cases (*id.*, doc. 13), became the original complaint for the plaintiff in the above-captioned case.

Res judicata bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."), and *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or

---

[1] Bernard McFadden has been submitting complaints with another inmate listed as the "lead" plaintiff or with other co-plaintiffs because he is "struck out" under the three strikes rules of the Prison Litigation Reform Act.

determined in the prior proceeding.'"). The three elements required to be shown for res judicata to apply are: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions . . . or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (internal citations omitted).

Collateral estoppel or issue preclusion requires that "(1) the issue . . . to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

The undersigned finds that neither res judicata nor collateral estoppel bar the plaintiff's complaint. Although Bernard McFadden prepared the complaint in the above-captioned case and the complaint in the McFadden case, there are differences between the two complaints. First, in the McFadden case, Bernard McFadden was complaining about the adequacy of food portions at Kirkland. *See* SCDC public inmate database (http://public.doc.state.sc.us/scdc-public/inmateDetails, last visited on Sept. 16, 2014) (indicating that Bernard McFadden was a "NEW ADMISSION" to Kirkland on November 22, 2010). The complaint in the above-captioned case concerns the adequacy of food portions at Kershaw. Although defendant Mrs. Marshall Fullmer, Nutritionist for SCDC, in the McFadden case and defendant Fuller in the above-captioned case *appear* to be the same person, the other defendants in the McFadden case were employees of Kirkland, while the other defendants in the above-captioned case are an employee of Kershaw, a state

senator, a state senate district, and the Director of Clemson University's Livestock Poultry Health Extension.[2] Also, Kirkland is a Level 3 (high-security) institution located in Region 2, while Kershaw is a Level 2 (medium security) institution located in Region 3 (http://www.doc.sc.gov/pubweb/institutions/institutions.jsp, last visited on Sept. 16, 2014).[3]

Although both the complaint in the McFadden case and the complaint in the above-captioned case contain allegations relating to the adequacy of portion sizes, the complaint in the above-captioned case also concerns the SCDC's alleged use of offal and poultry products in beef dishes at Kershaw, a matter not raised in the McFadden case.

It is well settled that inmates must be provided nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it. *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985). Allegations of inadequate food for human nutritional needs are sufficient to state a cognizable constitutional claim. *See, e.g., Wilson v. Johnson,* 385 F. App'x 319, 320 (4th Cir. 2010) ("Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim[.]"). In light of the different correctional institutions involved, the twenty-eight month period between the submission of the original complaint in the McFadden case and the submission of the complaint in the Roddey case, which became the complaint in the instant case, the

---

[2] As earlier stated, the undersigned's Report and Recommendation for summary dismissal of the state senator, the state senate district, and the Director of Clemson University's Livestock Poultry Health Extension (doc. 28) and the plaintiff's objections thereto (doc. 34), are pending before the district court.

[3] Regions and Regional Directors were established in 2012 by the SCDC: "Effective April 17, 2012, SCDC's Division of Operations restructured to better support institutions by dividing the agency's 27 institutions into four correctional regions with a Regional Director supervising each area" (http://www.doc.sc.gov/research/AccountabilityReportFY2012.pdf, last visited on Sept. 16, 2014). Since the establishment of Regions and Regional Directors, inmates of the SCDC have brought civil rights actions against Regional Directors. *See, e.g., Hood v. Byars*, Civil Action No. 1:13-cv-1098-DCN, 2014 WL 2880275 (D.S.C. June 24, 2014) (granting summary judgment to various SCDC officials, including a Regional Director).

7

different defendants, and the plaintiff's filing of a grievance on May 7, 2012, with respect to the above-captioned case (doc. 18 at 4), it cannot be said that the plaintiff could have raised the claims in the above-captioned case in the earlier case filed by Bernard McFadden. As a result, the matters adjudicated in the McFadden case do not satisfy the first, second, third, and fifth requirements of the five-part test in *Sedlack*, 134 F.3d at 224.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the motion to dismiss (doc. 37) by defendants Fuller and Ball be denied. Should the district court adopt this recommendation and deny the motion to dismiss, the defendants may renew their alternative motion for a more definite statement.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

September 25, 2014  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).