# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Lewis Duckett, ) | |
| ) | Civil Action No. 6:13-cv-03205-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Marcia Fuller, Mrs. Ball, Michael L. Fair, ) | |
| SC District 6, Boyd H. Parr ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Lewis Duckett ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of the Eighth Amendment prohibition of cruel and unusual punishment by Defendants South Carolina Department of Corrections ("SCDC") Dietician Marcia Fuller, Kershaw Correctional Institution Cafeteria Supervisor Cassandra Ball, Legislative Audit Counsel Michael L. Fair, Director of Poultry Products and Inspection Boyd H. Parr, and Greenville County State Senate SC District 6 (collectively "Defendants") for "not providing certain vitamins and nutrients and/or allow service of insufficient portions of food and/or drinks that wouldn't yield necessary vitamins and nutrients" and failing to investigate, audit, or inspect SCDC food service after complaints via letter about these allegations. (ECF No. 2.) This matter is before the court on Defendants Fuller and Ball's Motion to Dismiss, or in the alternative, For a More Definite Statement (ECF No. 37).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On March 19, 2014, the Magistrate Judge issued a Report and Recommendation recommending the court summarily dismiss the case against Defendants Fair, Parr, and SC District 6 ("the Dismissal Report"). (ECF

1

No. 28.) This review considers Plaintiff's Objection to Magistrate's R&R Received 3-24-14 ("Objections"), filed April 10, 2014. (ECF No. 34.) Additionally, on September 25, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court deny Defendants Fuller and Ball's Motion to Dismiss. (ECF No. 45.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Dismissal Report (ECF No. 28), but **REJECTS** the Magistrate Judge's Report (ECF No. 45). The court thereby **DISMISSES** the case against Defendants Fair, Parr, and SC District 6 and **GRANTS** Defendants Fuller and Ball's Motion to Dismiss (ECF No. 37).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summations in the Magistrate Judge's Reports are accurate, and the court adopts these summaries as its own. (*See* ECF Nos. 28, 45.) The court will only recite herein facts pertinent to this analysis.

Plaintiff is incarcerated at Kershaw Correctional Institution within the SCDC. (ECF No. 2 at 2.) Plaintiff originally filed this Complaint on August 23, 2013, along with 90 other plaintiffs. *See McFadden v. Fuller,* Civil Action No. 5:13-cv-02290-JMC, ECF No. 1 ("McFadden II"). On November 22, 2013, this court issued an Order severing all plaintiffs in the case, resulting in 91 individual cases, and leaving Plaintiff as the sole plaintiff in this action. (*See* ECF No. 1; *see also* McFadden II at ECF No. 30.) The Complaint alleges the food provided by the SCDC to prisoners did not provide the proper nutrients, resulting in "loss of vision and/or loss of energy, nerve damages [*sic*], muscular weakness, burning and itching of the eyes, sensitivity of eyes to light, cracking or soreness at the corner of the lips; and/or indigestion, diarrhea, depression, nausea, fatigue, skin eruptions, weaken immune system; and/or extreme

hunger pain, head aches [*sic*], constipation; and/or bleeding gums, coldness, weight gain, weight loss, soft or bleeding gums, decaying teeth and loss of hair." (ECF No. 2 at 3.) Plaintiff also alleges Defendant Parr "provided no reasonable assistance in inspection" by Plaintiff of the meat products used by the SCDC nor "information on the effect this product may have on an individual after long term use." (*Id.*) Further, Plaintiff alleges Defendant Fair "provided no reasonable assistance in examining SCDC financial records to determine whether money provided to SCDC to provide meat products for Plaintiffs' diet is used to buy daily recommended meat products." (*Id.* at 4.) Plaintiff seeks an unspecified amount of monetary damages and declaratory and injunctive relief "declaring that SCDC feeding offal [organ meat] in the place of beef and extremely small portions or no fruit and vegetables violates the 8th Amendment of the U.S. Constitution and thus ordering gradual change to daily recommended foods that are balanced and nutritious." (*Id.* at 6.)

On March 19, 2014, the Magistrate Judge issued the Dismissal Report, recommending the court dismiss claims as to Defendants Fair, Parr, and SC District 6. (ECF No. 28.) The Magistrate Judge found that Fair, a state senator and member of the Senate Finance Committee, "is authorized only to perform performance audits, not financial audits, of state agencies and their programs." (*Id.* at 5.) Further, the Magistrate Judge found that as Plaintiff's requests for Fair to examine SCDC's financial records "plainly involve Defendant Fair's legislative activities," any claims against Defendant Fair are barred by absolute legislative immunity. (*Id.*) The Magistrate Judge further found that Defendant Parr, as Director of Clemson University's Livestock Poultry Health Extension, which includes the South Carolina Meat and Poultry Inspection Department, has no legal responsibility to regulate the content of meals provided by the SCDC. (*Id.* at 6.) Finally, as SC District 6 is a geographical area, it is not a person, and thus

3

cannot be sued under § 1983. (*Id.* at 5.) Plaintiff timely filed his Objections to the Dismissal Report on April 10, 2014. (ECF No. 34.)

Defendants Fuller and Ball filed the Motion to Dismiss on April 21, 2014 (ECF No. 37), arguing Plaintiff's claims were barred by *res judicata*, as they had been litigated in the prior case of *McFadden v. Butler,* Civil Action No. 3:10-cv-03104-JMC ("McFadden I"). On September 25, 2014, the Magistrate Judge issued the Report recommending the court deny Defendants' Motion. (ECF No. 45.) The Magistrate Judge found that Plaintiff's claims were not barred by *res judicata* or collateral estoppel, as Defendants argued. (*Id.* at 6.) The Magistrate Judge found that because McFadden I involved claims and Defendants at Kirkland Correctional Institution and 28 months had elapsed between the time the Complaint in McFadden I was filed and the original submission of the Complaint in this case, "it could not be said that the plaintiff could have raised the claims in the above-captioned case in the earlier case." (*Id.* at 7-8.)

Plaintiff timely filed his Objections to Magistrate R&R Received Sept. 30, 2014, on October 16, 2014. (ECF No. 51.) However, Plaintiff did not object to any of the Report's findings regarding the recommendation to deny Defendants' Motion, and merely reiterated arguments he has made previously. Defendants Fuller and Ball did not file any objections to the Report.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**A. The Dismissal Report**

Plaintiff makes two objections to the Dismissal Report. (ECF No. 34.) First, Plaintiff argues that "Fair does not act in a legislative capacity and upon information of an embezzlement scheme, he turned a blind eye and deef [*sic*] ears on the below standard proteins that caused my injury." (*Id.* at 1.) Second, Plaintiff argues, "Parr continues to refuse the needed inspection of

the alleged chicken waste not meant for human consumption, waste that is a below standard protein that caused my injury." (*Id.*) Plaintiff offers no further argument. He does not allege any facts to back up his bald assertion that Fair does not act in a legislative capacity, nor does he offer any argument to refute the Magistrate Judge's finding that Parr has no legal responsibility to inspect the content of meals provided to inmates by the SCDC. As such, Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Dismissal Report by the Magistrate Judge. Therefore, Defendants Fair, Parr, and SC District 6 are dismissed from this action without prejudice.

**B. Defendants Fuller and Ball's Motion to Dismiss**

The Magistrate Judge found that Plaintiff's claim did not meet the requirements to be barred by *res judicata*, and thus dismissal was not appropriate. The court disagrees.

The doctrine of *res judicata* states that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 327 n.5 (1979). To apply the doctrine, three requirements must be met: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 42 (4th Cir. 1990) (citations omitted). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions or the same core of operative facts." *In re Varat Enters., Inc.,* 81 F.3d 1310, 1316 (4th Cir. 1996) (citations omitted).

**1. Judgment on the merits**

This court granted summary judgment for Defendants in McFadden I on March 13, 2012. McFadden I at ECF No. 70; *see also* McFadden I at ECF No. 63. It is well settled that summary judgment is considered to be a final adjudication on the merits. *Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1181 (4th Cir. 1989) (citation omitted).

Inasmuch as Plaintiff makes any objections to the Magistrate Judge's findings in the Report regarding the Motion to Dismiss, Plaintiff argues the matter has not been litigated because he has "not seen any corrective action taken because the problems [are] continuously ongoing to this day." (ECF No. 51 at 1.) Simply because the issue has not been litigated to Plaintiff's satisfaction does not mean the issue has not been fully and fairly litigated to a final judgment on the merits. As such, prong one is satisfied.

**2. Same parties or parties in privity**

The Magistrate Judge found that the parties in this case were not in privity with parties in McFadden I. (ECF No. 45 at 6-7.) The Magistrate Judge noted that McFadden I listed "Mrs. Marshall Fullmer, Nutritionist for SCDC" as a defendant, which appeared to be the same person as Defendant Fuller. The court notes[1] that although no documents explicitly correct the discrepancy, Plaintiff McFadden moved for an extension of time so he could ascertain the correct name and address to properly serve Defendant Fuller. McFadden I at ECF No. 26. The court denied his motion as moot via text order, noting "Defendants have already accepted service and answered on behalf of this individual." McFadden I at ECF No. 34. Thus, the court considers

---

[1] The court may take judicial notice of its own files and records. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1246, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *see also Aloe Creme Lab., Inc. v. Francine Co.,* 425 F.2d 1296, 1296 (5th Cir. 1970).

7

"Mrs. Marshall Fullmer" and Defendant Fuller to be the same person, and therefore the same party in both suits.

The Magistrate Judge further found that Defendant Ball was not in privity with Defendants in McFadden I, as she is employed at Kershaw Correctional Institution and Defendants in McFadden I are employed at Kirkland Correctional Institution.  (ECF No. 45 at 6-7.)  However, despite the difference in the employing institution, Defendant Ball shares the same legal interests as Defendants in McFadden I.  "[T]he privity requirement assumes that the person in privity is so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved."  *Jones v. S.E.C.,* 115 F.3d 1173, 1180 (4th Cir. 1997) (internal quotations omitted).  Defendant Ball is a cafeteria supervisor at Kershaw.  Defendants in McFadden I are listed as food supervisors and kitchen managers at Kirkland.  All of these positions are within the SCDC and would all be similarly affected by a ruling in favor of Plaintiff.  *See Moore v. Byars,* 2013 WL 6710273, at *4 (D.S.C. Dec. 18, 2013) ("The current Defendants, both SCDC officials/employees with authority over prisoners' records, are in privity with the Defendants in the previous act: 'John Doe, unknown employee of the South Carolina Department of Corrections,' who was presumed to have authority over Plaintiff's inmate records."); *Wiles v. Ozmint,* 2009 WL 3417580, at *4 (D.S.C. Oct. 20, 2009) ("Additionally, two of the seven Defendants named in this case (Ozmint and McKee) are the same Defendants who were named in Plaintiff's previous lawsuit, and the remaining Defendants, who are all also employees of the Department of Corrections, qualify as privies.").  Thus, Defendant Ball also meets the privity requirement, and both Defendants are in privity with parties in McFadden I.

Plaintiff, too, is in privity with Plaintiff McFadden in the prior case.  Had McFadden I been a successful suit for Plaintiff, Plaintiff in this case would have benefitted.  In McFadden I, the Complaint sought "an Order directing the Defendants to serve nutritious and balanced meals according to the daily recommended food charts."  McFadden I at ECF No. 1 at 5.  Plaintiff here similarly seeks an order requiring "a gradual change to daily recommended foods that are balanced and nutritious."  (ECF No. 2 at 6.)  Further, as far as any damages Plaintiff seeks, had McFadden I been successful, Plaintiff could have argued collateral estoppel barred Defendants from denying the facts that were litigated and thus would benefit from a favorable decision.  Thus, Plaintiff has the same legal right as Plaintiff McFadden, and is in privity.

### 3. Same cause of action

The Magistrate Judge found the causes of action in this case and McFadden I were not the same, as Plaintiff raises new allegations of use of poultry offal as beef, as the Complaints were filed 28 months apart, and as the alleged actions took place at different correctional institutions.  (ECF No. 45 at 7.)

With regard to Plaintiff's allegations regarding the use of poultry offal (organ meat) in place of beef, this claim, while not enumerated in McFadden I, is nonetheless barred.  "The preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  *Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.,* 892 F.2d 355, 359 (4th Cir.1989)).  Although the Magistrate Judge seems to indicate that this may be an action that

9

occurred separately from the original actions alleged in McFadden I, documents from that case indicate that Plaintiff McFadden (with whom Plaintiff is in privity) was aware of this alleged issue, and thus it was a claim available to him in the prior proceeding.  In an affidavit attached to a motion for a preliminary injunction, Plaintiff McFadden noted the use of "ground turkey organs" in prisoners' meals.  McFadden I at ECF No. 12-1 at 1.  Therefore, this claim was available to Plaintiff in the prior proceeding and is therefore barred.

The lapse of time between the filing of the two Complaints similarly does not make the two sets of claims sufficiently different to rule out *res judicata*.  The United States Court of Appeals for the Fourth Circuit found that *res judicata* can bar subsequent business litigation regarding an ongoing business policy.  *Peugeot Motors,* 892 F.2d at 359.  In that case, the Fourth Circuit found that the defendant's counterclaims involved the same facts as claims in a prior suit, and were thus barred by *res judicata. Id.* "We do not believe that the mere fact that Peugeot's questioned policies continued after the [prior] litigation allows Eastern to make the same legal claim about the same policies that were litigated and on account of which relief was denied in prior litigation." *Id.*  Similarly, here the fact that the same food service policies continued at the SCDC after McFadden I does not entitle Plaintiff to make the same legal claim about those policies simply because time has passed.

Although the Complaints arise from different correctional institutions, the core of the claims in both suits is inadequate nutrition provided by the meals served within the SCDC as a whole.  In McFadden II, the companion case from which this action was severed, Magistrate Judge Kaymani West noted when recommending the court find the case was barred under *res judicata*, "[t]he basis of Plaintiff's action concerns SCDC''s food service operations—specifically the content and amount of food served within SCDC's facilities."  McFadden II at

10

ECF No. 137 at 9. Indeed, Plaintiff attaches the "South Carolina Department of Corrections Master Menu" to his Complaint. (ECF No. 2 at 8.) He does not allege issues with the meals served only at Kershaw or the meals served only to himself or a specific population within the prison, but the standard meals served to all prisoners within the SCDC. Further, when compared side-by-side, the Complaint in McFadden I and the Complaint in this case are virtually identical. In McFadden I, the Complaint begins:

> Plaintiffs allege that the Defendants are knowingly and willfully violating their rights under the 8th Amendment of the U.S. Constitution (right against cruel and unusual punishment) in that they are providing extremely small portions and/or no portions at all causing extreme hunger pains and/or head aches [*sic*] and/or constipation and/or bleeding gums and/or coldness and/or weight loss and/or soft gums and/or decaying of teeth from the lack of vitamins A, B's, C, D, E and K.

McFadden I at ECF No. 1 at 3. By comparison, the Complaint in this case begins:

> Plaintiffs allege Defendants Marcia Fuller and Mrs. Ball are knowingly and willfully violating their rights under the 8th Amendment (right against cruel and unusual punishment) of the U.S. Constitution by not providing certain vitamins and nutrients and/or allow service of insufficient portions of food and/or drinks that wouldn't yield necessary vitamins and nutrients—causing loss of vision and/or loss of energy, nerve damages [*sic*], muscular weakness, burning and itching of the eyes, sensitivity of eyes to light, cracking or soreness at the corner of the lips; and/or indigestion, diarrhea, depression, nausea, fatigue, skin eruptions, weaken immune system; and/or extreme

11

>hunger pain, head aches [*sic*], constipation; and/or bleeding gums, coldness, weight gain, weight loss, soft or bleeding gums, decaying teeth and loss of hair.

(ECF No. 2 at 3.) The claims are at their core identical, and thus qualify as the same cause of action. To allow this claim to go forward would mean relitigating the same issues this court litigated in McFadden I. This goes against the principles behind *res judicata*. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. U.S.,* 440 U.S. 147, 153-54 (1979).

Therefore, this case meets the *res judicata* standard, and is thus barred. As such, this action is dismissed with prejudice as to claims against Defendants Fuller and Ball.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Magistrate Judge's Dismissal Report (ECF No. 28), but **REJECTS** the Magistrate Judge's Report (ECF No. 45). It is therefore ordered that this action is **DISMISSED** without prejudice as to Defendants Fair, Parr, and SC District 6 and that Defendants Fuller and Ball's Motion to Dismiss (ECF No. 37) is **GRANTED** and this action is **DISMISSED** with prejudice as to Defendants Fuller and Ball.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 19, 2015
Columbia, South Carolina